IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARY J. C. GARCIA,

        Plaintiff,

v.                                                        No. CIV  02-0525 JB/RLP

DONALD H. RUMSFELD, Secretary,
Department of Defense,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on the Plaintiff's Motion for Leave to Surreply to Defendant's Motion for Summary Judgment (Doc. 47). The primary issue is whether the Court should permit the Plaintiff, Mary J.C. Garcia ("Garcia"), to file a surreply responding to portions of the Defendant's Reply. Because the proposed surreply is not limited to addressing new materials in the Reply, the Court will grant the motion in part and deny the motion in part, and will permit Garcia to file a surreply limited to discussion of new materials or arguments raised in the Reply.

**BACKGROUND**

The Defendant filed its Motion for Summary Judgment on July 14, 2003 (Doc. 35). Garcia filed her Response on August 12, 2003 (Doc. 39). The Defendant filed its Reply on August 28, 2003 (Doc. 42).

In his Reply, the Defendant made motions to strike portions of Garcia's affidavit and attached two excerpts from deposition testimony. Garcia did not have an opportunity to respond to the Defendant's motions and attachments in writing. The Defendant opposes Garcia's request for leave to file a surreply.

On September 4, 2003, the Court set a hearing for the Defendant's motion for Monday, October 20, 2003 at 8:30 a.m. On September 29, 2003, over one month after the Defendant filed its Reply, and twenty-five days after the Court set the motion for summary judgment for a hearing, Garcia filed this motion requesting that the Court grant her permission to file a surreply. Garcia attached a proposed surreply.

## ANALYSIS

In her motion, Garcia requests that the Court afford her an opportunity to respond to the Defendant's motion to strike various paragraphs of her affidavit attached to her Response. The Defendant does not object to Garcia filing a surreply addressing the motion to strike. The Court will grant Garcia's motion to file a surreply responding to the motion to strike.

The Defendant does, however, object to Garcia's attempt to supplement her Response under the guise of a surreply. The Defendant contends that Garcia's tactic is both deceptive and improper under this Court's rules. The filing of a surreply is appropriate when a moving party advances in a reply new reasons and evidence in support of a motion for summary judgment. See, e.g., Beaird v. Seagate Technology, Inc., 145 F.3d 1159, 1164 (10th Cir. 1998)("[W]hen a moving party advances in a reply new reasons and evidence in support of its motion for summary judgment, the nonmoving party should be granted an opportunity to respond."); Polnaszek v. Robertson, Civ. No. 96-1205, Memorandum Opinion and Order at *12 (D.N.M. filed Sep. 8, 1997)(Campos, Senior Judge)(allowing plaintiff to file a surreply where defendant introduced two new arguments in reply, but limiting surreply to those two new issues).

The only new material that the Defendant raised in its Reply concerns the Defendant's request to strike paragraphs 7, 12, and 13 of Garcia's affidavit. Accordingly, Garcia should limit her surreply to a discussion of those paragraphs. Garcia's proposed surreply, however, does not say much about

those three paragraphs.

After setting forth excerpts from her deposition testimony and her affidavit, Garcia asks: "[W]here is the contradiction?" The remainder of her surreply is devoted to fortifying her Response filed on August 12, 2003. Garcia has not sought leave to supplement her Response, and the District Court rules governing motion practice do not authorize nor contemplate the filing of supplemental responses. See D.N.M. LR-Civ. 7.

There will be no prejudice to Garcia by limiting her surreply to responding to the motion to strike in the Response. The Court encouraged Garcia to make all her arguments at the hearing on the motion for summary judgment. The Court is fearful that, if it allows Garcia to file a surreply containing arguments that it did not make in its Response, the Defendant will want to make a written response to the new arguments in the surreply. The parties were welcome to address what they wanted at the hearing. The Court needs to close the writings so that it can rule on the motion for summary judgment. Trial in this matter was set for November 3, 2003, and the parties needed to know whether it would proceed so that they could get their witnesses to Albuquerque.

**IT IS ORDERED** that the Plaintiff's Motion for Leave to File Surreply to Defendant's Motion for Summary Judgment is granted in part and denied in part. The Plaintiff, Mary J.C. Garcia, shall be permitted to file a surreply limited to discussion about paragraphs 7, 12, and 13 of her affidavit and to responding to the Defendant's motion to strike those paragraphs.

_____
**UNITED STATES DISTRICT JUDGE**

Dennis W. Montoya
Montoya Law, Inc.
Albuquerque, New Mexico

*Attorney for the Plaintiff*

David C. Iglesias
United States Attorney
Michael H. Hoses
Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Defendant*